IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK TODD,

      Plaintiff,                         No. 2:12-cv-0856 MCE GGH PS

  vs.

OFFICER KEIRITH BRIESENICK, et al.,

      Defendants.              <u>ORDER AND</u>
                                       <u>FINDINGS AND RECOMMENDATIONS</u>
_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

\\\\\

1  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7  Cir. 1989); Franklin, 745 F.2d at 1227.
8  To avoid dismissal for failure to state a claim, a complaint must contain more than
9  "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a
10 cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,
11 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
12 statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a
13 claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.
14 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
15 draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129
16 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be
17 granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200
18 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.
19 Rhodes, 416 U.S. 232, 236 (1974).
20 Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,
21 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it
22 is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in
23 forma pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v.
24 Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.
25 The complaint alleges that plaintiff filed police reports and numerous evidence
26 packets with the Davis Police Department regarding crimes committed by "Real Party in

Interest" Lisa Rapalyea against plaintiff's son; however, defendants refused to charge Rapalyea with the crime and did not forward the evidence to the Yolo County District Attorney's Office for prosecution. Plaintiff alleges claims under 42 U.S.C. § 1983, for violations of his equal protection and due process rights under the Fifth and Fourteenth Amendments. The complaint alleges that Rapalyea, who is not a defendant in this case, was a Ph.D. student and tutored plaintiff's fifteen year old son. (Compl. at 8.) After discovering Rapalyea touching plaintiff's son, plaintiff first asked her to stay away, but after she refused, he filed a report with the Davis Police Department and submitted evidence of sexual assault. (Id. at 10, 12.) The Police Department contacted Rapalyea and explained that plaintiff did not want her to have contact with his son, and an incident report was written. (Id. at 10.) Rapalyea was not charged, however, and defendants explained that because of the son's age, she could not be charged with lewd conduct. (Id. at 11.)

        The complaint further alleges that Rapalyea attended plaintiff's child custody hearing and that she and plaintiff's son lied to the police so that plaintiff was arrested and could not attend the custody hearing. (Id. at 10.) In this regard, plaintiff alleges that he submitted evidence that Rapalyea dissuaded a witness and intimidated a witness. (Id. at 12.)

        As an initial matter, plaintiff's due process claim premised on alleged violations of his Fifth Amendment right to due process fails as a matter of law. The Ninth Circuit Court of Appeals has plainly held that "[t]he Due Process Clause of the Fifth Amendment . . . [applies] only to actions of the federal government – not to those of state or local governments." Lee v. City of L.A., 250 F.3d 668, 687 (9th Cir. 2001); see also Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008) ("The Fifth Amendment's due process clause only applies to the federal government."); Castillo v. McFadden, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States."). Plaintiff's allegations plainly relate to the alleged actions of a local government entity

and its officers. Accordingly, plaintiff's Fifth Amendment due process claim should be dismissed with prejudice.

Turning to plaintiffs' claimed violations of his due process and equal protection rights under the Fourteenth Amendment, the undersigned concludes that plaintiff has failed to state a claim on which relief can be granted. Generally, with respect to individual defendants, "Section 1983 imposes civil liability upon an individual who under color of state law subjects or causes, any citizen of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution and laws." Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002) (citing 42 U.S.C. § 1983). "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." Long v. County of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48 (1988)); accord Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988) ("To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes" (citation omitted).).

A municipality may be held liable for civil rights violations under Section 1983, but the standards governing the liability of a municipality materially differ from those that govern the liability of individuals who acted under color of state law. In Monell v. Department of Social Services, 436 U.S. 658 (1978), the Supreme Court limited municipal liability and held that "a municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Id. at 691. Instead, "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Id. at 690 (footnote omitted). The Ninth Circuit Court

of Appeals has held that in order to establish municipal liability, "the plaintiff must establish: (1) that he [or she] possessed a constitutional right of which he [or she] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy was the moving force behind the constitutional violation." Miranda v. City of Cornelius, 429 F.3d 858, 868 (9th Cir. 2005) (citation and quotation marks omitted, modification in original); see also Levine v. City of Alameda, 525 F.3d 903, 907 (9th Cir. 2008) ("To establish [municipal] liability, a plaintiff must establish that he was deprived of a constitutional right and that the city had a policy, practice, or custom which amounted to 'deliberate indifference' to the constitutional right and was the 'moving force' behind the constitutional violation.") (citing Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996), cert. denied, 519 U.S. 1111 (1997)).

In regard to the due process claim, plaintiff has failed to adequately allege a constitutional violation and, as a result, plaintiff's individual and municipal Section 1983 claims fail. The United States Supreme Court has recognized that "the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 196 (1989). The Supreme Court has further held that "the benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations." Town of Castle Rock v. Gonzales, 545 U.S. 748, 768 (2005). In accord with the Supreme Court's decisions, the Ninth Circuit Court of Appeals has held that the "police have no affirmative obligation to investigate a crime in a particular way or to protect one citizen from another even when one citizen deprives the other of liberty of property." Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1045 (9th Cir. 1994) (citing DeShaney, 489 U.S. at 195-96); see also Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam) (stating that "we can find no instance where the courts have recognized

inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved.").

Here, plaintiff merely alleges that he provided "evidence packets" to the Davis Police Department for the purpose of having Rapalyea criminally investigated and charged with crimes. In essence, plaintiff feels aggrieved by the fact that the Yolo County Police Department and its officers did not investigate or pursue a case in the manner plaintiff desired. Based on the authorities cited above, plaintiff has not stated a due process claim against the Davis Police Department or its officers. Accordingly, plaintiff's Section 1983 claims premised on a violation of the Fourteenth Amendment's Due Process Clause lacks merit, and the undersigned recommends that such claims be dismissed with prejudice.

Plaintiff next claims that defendants violated his equal protection rights by not investigating the evidence provided by plaintiff in the manner desired by plaintiff. "To state a § 1983 claim for violation of the Equal Protection Clause a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005) (citation and quotation marks omitted); see also Enquist v. Ore. Dep't of Agric., 553 U.S. 591, 601 (2008) ("Our equal protection jurisprudence has typically been concerned with governmental classifications that affect some groups of citizens differently than others.") (citation and quotation marks omitted). The court must first identify the defendant's classification of groups, and the "groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified."[1] Thornton, 425 F.3d at 1166-67.

---

[1] Additionally, a plaintiff may assert what has been called a "class of one" equal protection claim, which may generally lie where an individual has been irrationally singled out for discrimination by the government. See Enquist, 553 U.S. at 601 (noting that "an equal protection claim can in some circumstances be sustained even if the plaintiff has not alleged class-based discrimination, but instead claims that she has been irrationally singled out as a so-called 'class of one'"); accord Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam); N. Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008). To succeed on a "class of one" claim, a plaintiff must demonstrate that the government intentionally treated the

6

Here, plaintiff has failed to state a plausible equal protection claim.  He has not alleged that defendants acted with an intent or purpose to discriminate against him based on a membership in a protected class.  Indeed, plaintiff has not identified any similarly situated persons that defendants classified as a group with the purpose of treating that group differently.  Instead, plaintiff only alleges that his evidence was disregarded or not pursued by defendants.  Accordingly, plaintiff's equal protection claim is subject to dismissal.

Although the court would ordinarily grant a pro se plaintiff leave to amend, it does not appear that the above-mentioned defects can be cured by more detailed factual allegations or revision of plaintiff's claims.  In this case, leave to amend would be futile.

Accordingly, IT IS HEREBY ORDERED that: plaintiff's request to proceed in forma pauperis is granted.

For the reasons stated herein, IT IS RECOMMENDED that: this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 20, 2012

       /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH/076
Todd.856.ifp.wpd

---

plaintiff differently than other similarly situated people and without a rational basis for doing so. See <u>Gerhart v. Lake County, Mont.</u>, 637 F.3d 1013, 1021 (9th Cir. 2011).